KUHN, J,
concurring in part and dissenting in part.
hi concur with that portion of the plurality opinion that amends the trial court’s judgment and orders Ms. King to pay $0.25 per page for copies of 440 pages related to the Coverdell Grant. Otherwise, I dissent from the plurality’s affirmation of that part of the trial court’s judgment that ordered the St. Tammany Parish Coroner (“the Coroner”) to produce public records of that agency in an electronic format at no cost to Ms. King.
The Coroner established as a matter of law that it was entitled to impose a $0.25 charge for copies of the public records requested by King. It is undisputed that the Coroner’s office is a state agency. See La. Const. Art. V, § 29; Mullins v. State, 387 So.2d 1151 (La.1980). As such, it is subject to the rules set forth in La. R.S. 44:32 C(2), addressing public records of state agencies, which sets forth that “it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.” (Emphasis added). Louisiana Revised Statutes 44:32 C(2) further states, “Copies shall be provided at fees according to the schedule.... ” (Emphasis added.) Louisiana Revised Statutes 39:241 states, in pertinent part, “Copies of the public record furnished to a person so requesting shall be provided at fees according to the schedule.... ” (Emphasis added).
|2The uniform fee schedule for copies of public records is set forth in LAC 4:1.301. Section B of that regulation sets forth that charges for the first copy of any public records shall be at a minimum $0.25 per page for microfiche reproductions or paper copies up to 8½ by 14 inches.
*1249 Due to the plain meaning of the pertinent statutes and regulation, there is no need for further interpretative analysis. Ms. King is entitled to “obtain a copy or reproduction of any public record except as otherwise provided [by law].” La. R.S. 44:31 B(2). As an exception to this general rule, the law provides that when access to public records of a state agency is sought, the custodian is mandated only to provide “copies” of such records and the applicable “fees for such copies shall be charged.” La. R.S. 44:32 C(2). Thus, the legislature has placed reasonable restrictions on the public’s fundamental right of access to public records of state agencies by requiring that the person requesting copies of public records pay a fee for such copies. La. R.S. 44:32 C(2). The fee of $0.25 per copy set forth in LAC 4:1.301 is a reasonable fee.
During the March 4, 2010 hearing, the Coroner’s counsel informed the court that the Coroner’s office had already printed 14,339 pages of e-mail in response to Ms. King’s request. (Transcript pp. 49, 51.) The record further establishes that Ms. King did not challenge this information. The plurality’s ruling imposes the cost of such an effort on the State rather than on Ms. King, a result that is contrary to the applicable law. Thus, the record demonstrates that the Coroner met its burden of establishing that it was entitled to collect the $0.25 per page fee for the records it produced. Accordingly, I dissent in part from the plurality’s findings to the contrary.